**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DANNY TAYLOR and
DEBORAH TAYLOR**                                                                          **PLAINTIFFS**

**V.**                                                        **CAUSE NUMBER: 3:25-cv-00366-JDM-JMV**

**STATE FARM FIRE &
CASUALTY COMPANY**                                                                   **DEFENDANT**

**OPINION GRANTING PLAINTIFFS' MOTION TO REMAND**

Before the Court is Plaintiffs Danny and Deborah Taylor's Motion to Remand this removed case to state court. [8] Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction. And the Taylors' motion is **GRANTED**.

**Facts and Procedural History**

On November 12, 2025, the Taylors sued Defendant State Farm Fire & Casualty Company in the Circuit Court of Pontotoc County, Mississippi. [2] They alleged State Farm refused to properly repair the roof of their house after a wind and hail storm. The Taylors assert causes of action including breach of contract, negligence and gross negligence, and bad faith. Their complaint did not request a specific damages amount.

On December 23, 2025, State Farm removed the case to this Court based on diversity jurisdiction. [1] The Taylors then filed their motion to remand the case to state court. As part of their motion, the Taylors submitted a binding affidavit attesting they will neither seek nor accept any damages award in excess of $75,000. The Taylors agree that a $75,000 damages cap on their claims cannot be rescinded or revoked under any circumstances, regardless of any new developments or information in the case.

**Standard of Review**

Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), superseded by rule on other grounds, *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348 (5th Cir. 2023).

**Discussion**

In this case, no party disputes that the first prong of diversity jurisdiction—complete diversity—is satisfied. That is because the Taylors are Mississippi residents, and State Farm is an Illinois corporation with its principal place of business in Illinois. But the parties do dispute the second prong of diversity jurisdiction—whether the amount in controversy exceeds $75,000. Although the Taylors' complaint did not request a specific damages amount, they have stipulated they will neither seek nor accept damages exceeding $75,000.

To settle this type of dispute, courts generally begin by "'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "If [the Plaintiff] did demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the

2

claim is apparently made in good faith.'" *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).

But if the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation or affidavit to determine the amount in controversy. *See Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal."); *ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) (holding that when an affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper); *Lafargue v. Comprehensive Health Mgmt., Inc.*, No. CV 19-11111, 2020 WL 3832663, at *3 (E.D. La. July 8, 2020).

Here, the Taylors' complaint does not request a specific damages amount. So the amount in controversy was ambiguous when State Farm removed the case. But the Taylors submitted a post-removal affidavit affirming they will not rescind or revoke their agreement to seek and accept less than $75,000. The Court deems this agreement binding on the Taylors. And given the specificity and definitiveness of the affidavit, the Court finds it can consider the affidavit in determining the amount in controversy. The Court therefore finds the amount in controversy is $75,000.00 or less, and the requirements for federal diversity jurisdiction are not present. *See De Aguilar*, 47 F.3d at 1412 (Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit[.]"). The Court finds it lacks jurisdiction over this matter. And it remands the case to state court.

**Conclusion**

For these reasons, the Taylors' Motion to Remand [8] is **GRANTED**. This case is remanded to the Circuit Court of Pontotoc County, Mississippi.

An order in accordance with the opinion shall issue this day.

**SO ORDERED**, this the 26th day of March, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI